UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS
PEORIA DIVISION

| | |
|---|---|
| BARBARA HAWKINS, | ) |
| Plaintiff, | ) |
| v. | ) Civil Case No. 23-cv-1363 |
| MENARD INC. d/b/a MENARDS, | ) |
| Defendant. | ) |

## ORDER AND OPINION

Plaintiff Barbara Hawkins initially filed this case against Defendant Menard Inc. d/b/a Menards ("Menards") in the Eleventh Judicial Circuit Court McLean County, Illinois, seeking damages for injuries she sustained after tripping over a pallet at a Menards store in Normal, Illinois. (D. 1-1).[1] Menards removed the matter to this Court under 28 U.S.C. § 1332. (D. 1). Presently before the Court is Menards' Motion for Summary Judgment. (D. 13). For the reasons set forth below, the Motion is GRANTED.

### I. UNDISPUTED FACTS

On October 15, 2021, Hawkins was a customer at the Normal Menards. While walking down a main aisle she stopped a Menards team member, Alex Wilson, to ask where the bug spray was located. Wilson had with him a "pallet jack," which is tool used to move pallets. The pallet jack was 48" x 48" with an orange base, a black handle, and tines. Wilson stopped, put the pallet jack in the parked position, talked to Hawkins and explained where it was, and pointed her in the direction to go.[2] Wilson and Hawkins were less than three feet apart. All the while, Hawkins saw

---

[1] Citations to the docket are abbreviated as (D. __.).
[2] Hawkins disputed Menards' SOF ¶¶ 7 and 11, apparently taking the position that only pointed and did not explain where to go, referencing her own testimony (D. 15, p. 21). In that testimony, however, Hawkins states "I went exactly the way he *said*." *Id.* (citing D. 15-1, p. 23). She later testified Wilson "*said* go...that a way," and that she "went the

1

the pallet as she was talking to Wilson and testified that "the pallet [was]…so big." This conversation lasted less than twenty seconds. (D. 14, video exhibit).[3] After their conversation ended, Hawkins started walking in the direction of the bug spray and took three steps before she tripped and fell over the pallet.

## II. PROCEDURAL HISTORY

In September 2023, Hawkins sued Menards in state court asserting that she "was caused to be injured when she tripped and fell…due to the presence of an unattended pallet." (D. 1-1, ¶ 6). Menards removed the action to this Court base on diversity jurisdiction under 28 U.S.C. § 1332. (D. 1). In her answers to interrogatories, Hawkins attested that "she was caused to trip and fall due to a pallet that was left *unattended* in the middle of the walkway." (D. 13, ¶ 15, citing D. 13-5, p. 5) (emphasis in original). In December 2023, Menards served requests for admission pursuant to Federal Rule of Civil Procedure 36, seeking Hawkins' admission that:

   a. At the time of Plaintiff's fall, the pallet in the middle of the aisle was left unattended, and

   b. At the time of Plaintiff's fall, no Menards team member was within twenty-five feet of the pallet.

(D. 15, ¶ 16, citing D. 15-4, p. 9). Hawkins did not respond to the requests within the thirty days allotted under Rule 36, deeming those facts admitted.

On June 7, 2024, Hawkins filed an unopposed Amended Complaint alleging that she "was directed by Defendant's agent and employee to proceed in a certain direction and while being provided said direction, Plaintiff was caused to trip and fall due to the presence of said pallet in

---

way he told her, the way he *said*." *Id.* pp. 40-41. Accordingly, Wilson's SOF ¶¶ 7 and 11 are deemed admitted. *See* CDIL-LR 7.1(D)(2)(b).

[3] "A conclusive video allows a court to know what happened and decide the legal consequences," … for those facts that can be established "with confidence" and "beyond reasonable question." *Smith v. Finkley*, 10 F.4th 725, 730 (7th Cir. 2021) (quoting *Johnson v. Rogers*, 944 F.3d 966, 969 (7th Cir. 2019)).

2

the aisleway." (D. 12, ¶ 6).[4] Menards now moves for summary judgment under Federal Rule of Civil Procedure 56 on the grounds that the pallet was open and obvious. (D. 13).

### III. LEGAL STANDARD

Summary judgment is proper "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a); *Hemsworth v. Quotesmith.com, Inc.*, 476 F.3d 487, 489–90 (7th Cir. 2007). In deciding motions for summary judgment, a district court is tasked with deciding, based on the evidence in the record, whether there is a material dispute of fact for trial. *Waldridge v. American Hoechst Corp.*, 24 F.3d 918, 920 (7th Cir. 1994) (citing *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986)). "In making that determination, a court must view the evidence 'in the light most favorable to the [non-moving] party,'" *Tolan v. Cotton*, 572 U.S. 650, 657 (2014) (quoting *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 157 (1970)), and draw all reasonable inferences in that party's favor. *McCann v. Iroquois Mem'l Hosp.*, 622 F.3d 745, 752 (7th Cir. 2010) (citing *Anderson*, 477 U.S. at 255). "A genuine issue for trial exists only when a reasonable jury could find for the party opposing the motion based on the record as a whole." *Pipitone v. United States*, 180 F.3d 859, 861 (7th Cir. 1999) (quoting *Roger v. Yellow Freight Sys., Inc.*, 21 F.3d 146, 149 (7th Cir. 1994)).

### IV.    DISCUSSION

Under the *Erie* doctrine, a federal court sitting in diversity applies federal procedural law and state substantive law. *See Erie R. Co. v. Tompkins*, 304 U.S. 64 (1938); *see also Dunn v.*

---

[4] Menards' Reply states that this additional material regarding this allegation in the Amended Complaint is "immaterial and undisputed," on the grounds that the Court must treat as undisputed that at the time Hawkins fell the pallet was left unattended in the middle of the aisle and that no Menards employee was within 25-feet due to her failure to respond to their prior Rule 36 requests to admit. (D. 16, pp. 1-2). First, the Court finds it undisputed that allegations in the Amended Complaint speaks for itself. Second, this is simply an allegation, not evidence. Third, Menards own statement of facts establish that Hawkins walked up to their employee, who had a pallet jack, and stood about three feet from him asking where to find some merchandise immediately prior to her tripping. (*See* D. 13, ¶¶ 2–3, 8, 12). Hawkins admitted these facts, thus they are not disputed for summary judgment purposes. Additionally, Menards produced a video clearly showing their employee was standing next to the pallet during the occurrence. (D. 14).

*Menard, Inc.*, 880 F.3d 899, 903 (7th Cir. 2018). Therefore, Illinois law governs the extent of Menards' liability in this case. *See id.* To prevail on a negligence cause of action, a plaintiff must prove: "(1) a duty owed to the plaintiff by the defendant; (2) a breach of that duty; and (3) an injury proximately caused by the breach." *Dunn v. Menard, Inc.*, 880 F.3d 899, 906 (7th Cir. 2018) (quoting *Wilfong v. L.J. Dodd Constr.*, 401 Ill.App.3d 1044, 341 Ill.Dec. 301, 930 N.E.2d 511, 519 (2010)). Here, the Motion for Summary Judgment turns on the first element: whether Menards owed a duty to Hawkins.

Whether a duty exists is a question of law. *Dunn*, 880 F.3d at 906. Generally speaking, "duty is determined by asking whether defendant and plaintiff stood in such a relationship to one another that the law imposed upon defendant an obligation of reasonable conduct for the benefit of plaintiff." *Id.* (internal citations and quotations omitted). When determining whether a duty exists, courts typically consider the following factors: "(1) the reasonable foreseeability of injury; (2) the likelihood of injury; (3) the magnitude of the burden of guarding against injury; and (4) the consequences of placing that burden on the defendant." *Id.* (quoting *Wilfong*, 930 N.E.2d at 519). In Illinois, however, "the open and obvious" doctrine is an exception to the general duty of care owed by landowners." *Id.* (quoting *Park v. Ne. Ill. Reg'l Commuter R.R. Corp.,* 2011 IL App (1st) 101283, 355 Ill.Dec. 882, 960 N.E.2d 764, 769 (2011)).

Here, Menards argues that summary judgment should be granted in its favor because: (1) they had no duty to protect Hawkins from the pallet because it was an open and obvious hazard, which Hawkins admitted to knowing was there; and (2) because imposing an additional duty on Menards to guard against such injuries would be unduly burdensome. (D. 13). In response, Hawkins does not contest that the pallet was open and obvious, but rather argues that the distraction and deliberate encounter exceptions to the open and obvious rule apply. (D. 15).

**A. Open and Obvious Condition:**

In Illinois, "persons who own, occupy, or control and maintain land are not ordinarily required to foresee and protect against injuries from potentially dangerous conditions that are open and obvious." *Bucheleres v. Chicago Park Dist.,* 665 N.E.2d 826, 832 (Ill. 1996). The open and obvious doctrine is therefore an exception to the general duty of care owed by a landowner. *Park*, 960 N.E.2d at 769.

"[T]he law generally assumes that persons who encounter these conditions will take care to avoid any danger inherent in such condition. The open and obvious nature of the condition itself gives caution and therefore the risk of harm is considered slight; people are expected to appreciate and avoid obvious risks." *Bucheleres*, 665 N.E.2d at 832. A condition is open and obvious when "both the condition and the risk are apparent to and would be recognized by a reasonable man, in the position of the visitor, exercising ordinary perception, intelligence, and judgment." *Bruns v. City of Centralia*, 386 Ill.Dec. 765, 21 N.E.3d 684, 690 (2014) (citing Restatement (Second) of Torts § 343A cmt. b, at 219 (1965)). Thus, the open and obvious rule precludes recovery, based on a defendant's lack of duty, where a reasonable person would have recognized a hazard and adjusted accordingly.

When there is no dispute about the physical nature of a condition, whether it is open and obvious is a legal question for the court. *Park*, 960 N.E.2d at 769. Here, there is no dispute over the physical nature of the pallet, and Hawkins does not dispute that it was open and obvious. Rather, Hawkins argues that the existence of an open and obvious danger is not an automatic bar to finding a legal duty exists and that Menards' Motion for Summary Judgment should be denied because the distraction exception and the deliberate encounter exception to the open and obvious doctrine create a duty of care as a matter of law. (D. 15, pp. 4–8).

**B. Exceptions to the Open and Obvious Doctrine:**

"There are two limited exceptions to the rule that a defendant has no duty to protect a plaintiff from an open and obvious condition." *Park*, 960 N.E.2d at 771 (citing *Ward v. K Mart Corp.*, 136 Ill.3d 132, 147, 143 Ill.Dec. 288, 554 N.E.3d 223 (1990)). "[W]hether a possessor of land should guard against harm to the invitee, despite the obviousness of the danger, depends upon whether either the 'distraction exception' or the 'deliberate encounter exception' applies in a given case." *Id.* (quoting *Sollami v. Eaton,* 201 Ill.2d 1, 15–16, 265 Ill.Dec. 177, 772 N.E.2d 215 (2002)). If an exception applies, "the outcome of the duty analysis… is reversed." *Dunn*, 880 F.3d at 908 (quoting *Bruns*, 21 N.E.3d at 691 and *Belluomini v. Stratford Green Condo. Ass'n*, 346 Ill.App.3d 687, 282 Ill.Dec. 82, 805 N.E.2d 701, 705 (2004)). Put differently, while "the open and obvious rule negatively impacts the foreseeability and likelihood of injury, application of an exception to the rule positively impacts the foreseeability and likelihood of injury." *Id.* Despite Hawkins' contentions, neither exception applies here.

    **1. Distraction Exception**

The distraction exception applies "where the possessor [of land] has reason to expect that the invitee's attention may be distracted, so that he will not discover what is obvious, or will forget what he has discovered, or fail to protect himself against it." *Dunn*, 880 F.3d at 909 (quoting *Bruns*, 21 N.E.3d at 691 and *Sollami*, 772 N.E.2d at 223). "[T]he distraction exception will only apply," however, "where evidence exists from which a court can infer that plaintiff was actually distracted." *Id.*

Hawkins argues that the distraction exception applies here based on the line of reasoning applied in *Ward v. K Mart, Corp.*, 136 Ill.2d 132, 554 N.E.2d 223 (1990). *Ward* is a significant Illinois Supreme Court case addressing the distraction exception to the open and obvious hazard

6

doctrine. In that case, Ward was leaving a K Mart carrying a large mirror he had just purchased when he collided with a concrete post just outside the store entrance which he did not see due to his view being obstructed by the mirror. Ward sued K Mart for negligence and the trial court found in K Mart's favor, citing the open and obvious nature of the post. The Illinois Supreme Court reversed, introducing the distraction exception to the open and obvious rule.

The *Ward* Court found that K Mart should foresee customers carrying large items, which they were in the business of selling, and thus not noticing obstacles in their path. As a result, the distraction exception was adopted which allows liability when it is foreseeable that a person's attention may be diverted from recognizing an otherwise obvious danger. The Court explained that because K Mart sold large items, they should have anticipated customers leaving the store with those items obstructing their view. Therefore, K Mart had a duty to take precautions to ward against such dangers.

Hawkins testified that she saw the pallet before she tripped but argues that she became distracted by her conversation with the Menards employee. She also asserts that Menards should have anticipated that Hawkins would walk in the direction the Menards employee told her to go by pointing across the wooden pallet. In response, Menards argues that *Ward* is distinguishable because Hawkins was not carrying any items that obstructed her view, and instead was distracted by her own focus on retrieving the merchandise, relying on *Sandoval v. City of Chi.*, 357 Ill.App.3d 1023, 1031, 294 Illl.Dec. 310, 830 N.E.2d 722 (2005), in support.

In *Sandoval*, the plaintiff sued the City of Chicago after she fell in a "crater-like defect" in the sidewalk. The City of Chicago moved for summary judgment on the grounds that the condition was open and obvious, and Sandoval responded arguing the distraction exception applied because the City should have reasonably foreseen that she would be distracted by her childcare

7

responsibilities. *Id.* at 728. The Illinois appellate court found Sandoval had failed to establish the distraction exception applied based on Sandoval's testimony, stating:

> [I]t is clear that plaintiff failed to present evidence to show she was distracted at the time of her fall. Rather, the opposite conclusion is evident: plaintiff was more than familiar with the sidewalk defect, she consciously and deliberately was walking in that area at the time of the accident, and she was focused on looking for the child in her care rather than where she was walking. There is nothing to indicate that her view was obstructed, that any other condition or hazard existed in the area which would have diverted her attention, or that she had forgotten that the defect was present. By her own admission, when plaintiff stepped into the defect, her attention was focused on her concern for the child. Thus, it cannot be said that she was distracted while on the sidewalk from the open and obvious danger posed by the defect which allegedly caused her fall. Therefore, we conclude that defendant could not have reasonably foreseen that plaintiff would be distracted as she walked on the sidewalk.

*Id.* at 728–29. The *Sandoval* court distinguished cases where the distraction exception applied because the landowner created or was otherwise responsible for the distraction, to cases where it was inapplicable because a plaintiff's attention was diverted due to their own independent acts. *See id.* at 729–30 (listing cases). Because Sandoval's inattentiveness was due to her own concern for a child she was supposed to be watching, the court found that the City was neither responsible for nor created the situation, which began when plaintiff brought the child outside and occurred because of plaintiff's own inattentiveness in not looking at where she was walking. *Id.* at 730.

The Illinois Supreme Court has since confirmed that the "mere fact of looking elsewhere does not constitute a distraction." *Bruns*, 21 N.E.3d at 691. Additionally, Illinois courts have generally applied the distraction exception in cases where the invitee was distracted from an open and obvious condition because of circumstances that required focus on some other condition or hazard. *See True v. Greenwood Manor West, Inc.*, 316 Ill.App.3d 676, 680, 250 Ill.Dec. 51, 737 N.E.2d 673 (2000).

8

Based on the following cases, which involved customers injured by an obvious condition while shopping in retail stores, the Court finds the distraction exception is similarly inapplicable here. In *Rosenberg v. Home Depot U.S.A., Inc.*, the plaintiff saw an item he wanted and knew there were forklift blades between him and the item. No. 16-cv-5272, 2019 WL 670262, at *1 (N.D. Ill. Feb. 19, 2019). While attempting to step over the forklift blades he tripped and fell. Granting the store owners motion for summary judgment, the court found that plaintiff's attention was not "directed toward any 'other condition or hazard,'" but rather "was fixed on the very item he sought to retrieve as he attempted to step over the fork." *Id.* at *7. As a result, the distraction exception did not apply. *Id.* (citing *Bruns*, 21 N.E.2d at 691 (finding that a pedestrian was looking at her destination when she tripped on a sidewalk defect did not constitute a distraction)).

In *Kleiber v. Freeport Farm & Fleet, Inc.*, an Illinois appellate court found the distraction exception did not apply to a plaintiff that stepped on a pallet to retrieve a bag of soil she wanted to buy, because based on her own testimony, "[p]laintiff was simply not looking where she was going." 406 Ill.App.3d, 249, 259, 347 Ill.Dec. 437, 446, 942 N.E.2d 640, 649 (2010). That court further found that "[c]ontrary to the facts of *Ward*, plaintiff's testimony in the instant case also established that there was little to no delay between the time that plaintiff recognized the danger and the time when she was injured. The plaintiff, therefore, had no time to forget about the danger." *Id.* In such cases, the distraction exception does not apply. *See id.*

Finally, the Seventh Circuit held in *Dunn v. Menard*, that the mere fact of a customer looking elsewhere does not constitute a distraction. 880 F.3d at 909. Taken together, these cases establish that when an invitee deliberately encountering an obvious, dangerous condition because they are focused on merchandise, that is not a "distraction," and the exception to the open and obvious danger rule does not apply.

9

Here, Hawkins was searching for bug spray and stopped Wilson to aid her in that search. Unlike in *Ward*, Hawkins was not carrying a large object, or anything else, from which Wilson could have inferred that she might not recognize the danger of walking into the pallet posed. (D. 14). Their conversation lasted approximately twenty seconds, and "[a]ll the while [Hawkins] saw the pallet as she was talking to Mr. Wilson" and testified that it was "so big." (D. 14; D. 13, ¶¶ 9-10; D. 15; ¶¶ 9-10). Despite being aware of the pallet, her own testimony confirms that finding the bug spray where Wilson told her it would be was the only thing she was focused on when she fell. (*See* D. 15-1, p. 23 ("I was walking and, *on my mind*, I'm asking him where the bug spray is and he pointed me to the bug spray…and that's where I just walked to…I just went exactly the way he said.")) (emphasis added).

Although Wilson pointed across the pallet toward the back of the store when explaining where to find the merchandise, like in *Sandoval*, Hawkins created the situation when she stopped Wilson, who she saw was pushing a pallet, to ask for help. Additionally, like *Rosenberg* and *Kleiber* Hawkins was aware of the pallet's presence between herself and the merchandise seconds before she tripped. This case is distinguishable, however, because the other half of the aisle was open and would have also taken her to where Wilson said the bug spray was located.

Even when viewing the facts in Hawkin's favor, her subjective testimony does not create a triable issue of material fact. Rather, the proper inquiry is "whether a defendant should reasonably anticipate injury to those entrants on his premises who are generally exercising reasonable care for their own safety, but may reasonably be expected to be distracted . . . ." *Bonner v. City of Chi.*, 334 Ill.App.3d 481, 484–85, 268 Ill.Dec. 299, 778 N.E.2d 285 (2002); *see also Richardson v. Vaughn*, 251 Ill.App.3d 403, 408–09, 190 Ill.Dec. 643, 622 N.E.2d 53 (1993) (landowner is entitled to the expectation that patrons will exercise reasonable care for their

10

own safety and not blind themselves to the probable consequences of their own actions). In this case, a reasonable person with Hawkins' knowledge of the situation, exercising ordinary perception, intelligence, and judgment, would have appreciated and avoided the obvious hazard the pallet presented. Furthermore, because "the fact of looking elsewhere," "self-created distractions," and deliberately encountering known risks to get to merchandise do not constitute "distractions," the pallet Hawkins tripped over constituted an open and obvious condition under Illinois law. *See Dunn*, 880 F.3d at 909–10.

### 2. Deliberate Encounter Exception

Hawkins also argues that the deliberate encounter exception to the open and obvious rules applies. The Seventh Circuit has explained the deliberate encounter exception under Illinois law as follows:

> The deliberate encounter exception only applies "where the possessor [of land] has reason to expect that the invitee will proceed to encounter the known or obvious danger because to a reasonable man in his position the advantages of doing so would outweigh the apparent risk." *Id.* (alteration in original) (quoting *Sollami*, 201 Ill.2d 1, 265 Ill.Dec. 177, 772 N.E.2d at 223). "The deliberate encounter exception has most often…been applied in cases involving some economic compulsion," *Sollami*, 201 Ill.2d 1, 265 Ill.Dec. 177, 772 N.E.2d at 224, such as when a plaintiff "is forced to choose between facing danger and neglecting his duties" to an employer. *Atchley v. Univ. of Chi. Med. Ctr.*, 407 Ill.Dec. 982, 64 N.E.3d 781, 791 (Ill. App. Ct. 2016); *see also Kleiber v. Freeport Farm & Fleet, Inc.*, 406 Ill.App.3d 249, 347 Ill.Dec. 437, 942 N.E.2d 640, 648 (2010) ("The deliberate-encounter exception recognizes that individuals will make deliberate choices to encounter hazards when faced with employment concerns and that those encounters are reasonably foreseeable by possessors of property.").

*Dunn*, 880 F.3d at 908–909. No such compulsion exists here.

Hawkins focuses her argument on *Ralls v. Village of Glendale Heights*, 233 Ill.App.3d 147, 174 Ill.Dec. 140, 598 N.E.2d 337 (1992). In *Ralls*, construction workers repeatedly used an ice-covered incline at a jobsite to access a particular area even though a safer route existed. *Id*. On the day the foreman fell, the alternative route was not available. *Id.* The court also reasoned that even

11

if the alternative path was available, because it required workers to walk around the entire perimeter of the job site, "it was reasonably foreseeable that workers would use the shortest path." *Id.* at 344.

Hawkins' situation is different from the workers in *Ralls*, and more similar to the plaintiff's in *Burns v. Sherwin-Williams Co.*, 78 F.4th 364 (7th Cir. 2023). In *Burns* the plaintiff was a delivery truck driver who sustained injuries while delivering products to Sherwin-Williams stores. During a delivery, Burns used a "walkie," which is a hand-operated electric forklift, to move pallets from his truck to the store's warehouse. After Burns was done unloading, he attempted to return the empty pallets to his truck by backing the walkie down the ramp and towards the dumpster and other pallet. Burns misjudged the distance it would take to stop the walkie, and broke his ankle after his foot became trapped between the walkie and the pallets.

Burns conceded that the pallets were open and obvious, but argued that the doctrine's deliberate encounter exception applied, relying heavily on *Ralls*. The Seventh Circuit disagreed stating:

> Unlike the workers in *Ralls*, Burns gained no advantage by backing the walkie towards the discarded pallets. He could have just as easily backed up in the opposite direction and completely avoided any danger posed by the pallets. Both paths were of equal (short) length, and required the same amount of time and effort, yet Burns chose the more dangerous one. We cannot say that this is a choice Sherwin-Williams should have reasonably foreseen. Accordingly, the deliberate encounter exception does not apply and the first two factors (foreseeability and likelihood of injury) weigh against finding a duty.

*Burns*, 78 F.4th at 372.

Similarly, Hawkins gained no advantage by trying to step over the pallet to get to where the bug spray was located. She could have just as easily taken steps to the right and gone down the other side of the aisle to completely avoid any danger posed by the pallet. Like in *Burns*, "both paths were of equal (short) length, and required the same amount of effort," yet Hawkins chose

12

the more dangerous one. *See id.* This is not a choice Menards should have reasonably foreseen. Therefore, this Court finds that the first two factors, foreseeability and likelihood of injury, weigh against a finding of duty and the deliberate encounter exception does not apply.

### C. Menards did not owe Hawkins a legal duty

Application of the open and obvious doctrine rule effects the first two factors in the duty analysis: (1) foreseeability of injury, and (2) likelihood of injury. *Bruns*, 21 N.E.3d at 690. When the danger is open and obvious, these factors favor the defendant because the foreseeability of harm and likelihood of injury are slight, thus weighing against the imposition of a duty. *Id.* While the open and obvious doctrine is not an absolute bar to finding a premises owner's legal duty, there are no published premises liability cases in Illinois which have "held both (1) that the open-and-obvious rule applied without exception and (2) that the defendant nonetheless owed the plaintiff a duty." *Belluomini*, 805 N.E.2d at 705.

Furthermore, the third and fourth factors involving the store's burden of guarding against safety hazards does not outweigh the first two factors. Menards argues that in situations such as this one, the only way to ensure that an invitee would not have tripped over the pallet would be nearly constant monitoring on every aisle in the store, which could require significant resources. (D. 13, p. 6). Hawkins responded that the magnitude of guarding against the injury and the burden of placing it on Menards is small, because Menards' employees could have simply given Hawkin's verbal directions as opposed to pointing, or after directing Hawkins down this pathway could have warned her of the pallet. (D. 15, p. 6).

The Seventh Circuit and Illinois courts sitting in diversity have repeatedly rejected imposing the duty of constant surveillance to monitor safety conditions in premises liability cases. *Dunn*, 880 F.3d at 910; *see also Zuppardi v. Wal-Mart Stores, Inc.*, 770 F.3d 644, 652 (7th Cir.

2014) (collecting cases). Additionally, Hawkins' suggestion that the Menards employee should have given her verbal instructions and not pointed is unpersuasive, because her own testimony shows that Wilson gave verbal directions and there is no evidence those directions included him telling her she had to walk down the part of the aisle where the pallet was located to get to the merchandise. Menards is also entitled to the expectation that Hawkins would have exercised reasonable care for her own safety and not blinded herself to the consequences walking into a 4' x 4' pallet when the other side of the aisle was unobstructed. *See Richardson*, 622 N.E.2d at 53.

Because Hawkins has not established that Menard owed her a duty of care, we need not address the remaining negligence elements. *See Roh v. Starbucks Corp.*, 881 F.3d 969, 973 (7th Cir. 2018).

## V.  CONCLUSION

For the reasons stated above, Menards' [13] Motion for Summary Judgment against the Plaintiff Barbara Hawkins is GRANTED. The Clerk is DIRECTED to enter judgment in favor of Defendant Menard Inc. d/b/a Menards and against Plaintiff Barbara Hawkins.

ENTERED this 24th day of March 2025.

/s/ Michael M. Mihm
United States District Judge